# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

MEAGAN EARLY, )
)
       Plaintiff, )
) CASE NO.: 10-CV-544
vs. )
)
CAREER EDUCATION CORPORATION; )
COLORADO TECHNICAL UNIVERSITY, )
INC. and MARK COWIE )
)
       Defendants. )

## PLAINTIFF'S MOTION TO REMAND AND SUGGESTIONS IN SUPPORT

COMES NOW Plaintiff, by and through her attorney, and files her Motion to Remand and suggestions in support as follows:

1. Plaintiff filed this lawsuit on or about December 17, 2009 in the Circuit Court of Clay County, Missouri.

2. Defendant Cowie was served on or about May 2, 2010 and timely removed the action on or about May 28, 2010.

3. Plaintiff's motion to remand is timely filed within 30 days of Defendant's Notice of Removal.

4. Defendant asserts that removal to this Court is proper based on diversity of citizenship between the parties and damages that exceed $75,000.

5. Plaintiff moves to remand this case because Defendant has not satisfied his burden of demonstrating that the amount of damages exceed $75,000.

6. Plaintiff will be filing a Declaration and/or Stipulation with this Court setting forth that the amount of damages sought in this case, inclusive of all damages, punitive damages, costs and attorneys' fees, are less than $74,500. Plaintiff Early is currently

1

vacationing outside the state of Missouri. Plaintiff will supplement this motion with the Declaration and/or Stipulation as soon as possible upon her return.

7. Plaintiff's suggestions in support of remand are set forth in this motion.

## SUGGESTIONS IN SUPPORT OF MOTION

"Federal courts are courts of limited jurisdiction. … The purpose of the removal statute is to restrict and limit removal jurisdiction, therefore the statute is to be construed narrowly and **any doubt should be resolved against removal jurisdiction**." Hollenbeck v. Outboard Marine Corp., 201 F. Supp. 2d 990, 992 (E.D. Mo. 2001) (emphasis added); McGuire v. JB Hunt Transport, Inc., 2010 WL 2399550 *2 (E.D. Mo. 2010); Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

Federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states …." 28 U.S.C. §1332. Both the amount in controversy **and** diversity of citizenship must be met before a district court may exercise jurisdiction. The party invoking jurisdiction – Defendant Cowie – bears the burden of establishing both prerequisites. *See* Hoffman v. Empire Machinery & Tools Ltd., 2010 WL 2216631 (W.D. Mo. 2010); Rodgers v. Wolfe, 2006 WL 335716 *2 (E.D. Mo. 2006); City of University City, Missouri v. AT & T Wireless Services, Inc., 229 F. Supp.2d 927, 929 (E.D. Mo. 2002). "The strong **presumption against removal** jurisdiction means that the defendant **always** has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). Thus, even where a defendant demonstrates diversity of citizenship, he must still establish, with legal certainty, that the

amount in controversy meets the jurisdictional requirement of $75,000. See City of University City, 229 F. Supp. 2d at 931.

Missouri law does not require plaintiffs to set forth an amount sought in damages, fees, and/or costs. Nonetheless, a in removing an action to federal court, a defendant must still establish, with legal certainty, that the amount in controversy exceeds the jurisdictional limit. See Hoffman v. Empire Machinery & Tools Ltd., 2010 WL 2216631 *1-2 (W.D. Mo. 2010); City of University City, 229 F. Supp. 2d at 931 ("This Court has consistently required a defendant, in opposing a motion to remand, to show to a legal **certainty** that the amount in controversy requirement is met.") (emphasis added); Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). "Under this standard, a defendant **must** demonstrate more than a likelihood that the plaintiff will recover more than the jurisdictional minimum. **The defendant must demonstrate that any amount less than the jurisdictional threshold is outside the range of possible awards.**" City of University City, 229 F. Supp. 2d at 931 (emphasis added). Thus, a defendant must present "**specific facts or evidence**; speculation and belief that a plaintiff's damages exceed $75,000 is insufficient to meet this burden." Gebert v. United Rentals (North America), Inc., 2005 WL 2789332 (E.D. Mo. Oct. 26, 2005) (emphasis added.)

Hoffmann v. Empire Machinery & Tools Ltd., 2010 WL 2216631 (W.D. Mo. 2010) is instructive. In that case the Plaintiff severely injured his hand and underwent 3 surgeries. He brought a claim for product defect, negligence, and failure to warn. The petition, filed in state court, did not list the amount sought by the plaintiff. The defendant served a request for admission on the plaintiff asking the plaintiff to admit that the amount in controversy was less than $75,000. Plaintiff responded that he could neither admit nor deny and that they

3

intended to have the jury determine the damages after trial. Defendant then removed the case on the basis of damages exceeding $75,000. Defendant asserted that it had satisfied its burden of establishing damages in excess of the jurisdictional requirement based on plaintiff having 3 surgeries, potential of punitive damages, and the implied admission of plaintiff based on plaintiff's refusal to admit or deny the amount in controversy.

Judge Laughrey, in Hoffmann, rejected the defendant's argument, and held that the defendant must offer "some specific facts or evidence demonstrating that the jurisdictional amount has not been met." Hoffmann, 2010 WL 2216631 *2 (quoting Hill v. Ford Motor Company, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004)). Judge Laughrey further stated that the defendant could have offered evidence of the amount in controversy by offering evidence of recoveries in similar cases. In granting the motion to remand, Judge Laughrey concluded that "although the record before the Court certainly does not foreclose the possibility that the relief sought may exceed $75,000, defendant has failed to produce sufficient evidence to satisfy its burden of proof that the jurisdictional amount has been met. To hold otherwise would be speculative."

Like the defendant in Hoffmann, Defendant Cowie has not satisfied his burden of establishing that the amount in controversy meets or exceeds the jurisdictional limit of $75,000. Rather than providing specific facts or evidence that the amount in controversy will be met, Defendant Cowie simply asserts that the amount Plaintiff paid in tuition ($29,259.51) combined with the possibility of punitive damages demonstrate that the amount in controversy exceeds the jurisdictional requirement. (Defendant's notice of removal states that "under Missouri law, plaintiff can recover punitive damages in an amount up to $500,000 or 5 times the net amount of the judgment awarded to the plaintiff.")

4

Like the defendant in Hoffmann, Defendant Cowie has failed to submit any evidence regarding the amounts of verdicts awarded in these types of cases.  Further, Defendant has not demonstrated that any amount less than the jurisdictional threshold is outside the range of possible awards.  *See* City of University City, 229 F. Supp. 2d at 931.  Instead, Defendant submits only speculative and uncertain assertions to support removal.

To allow removal in this instance, based on Defendant's representation of the amount in controversy, would require speculation on the part of the court.  Such speculation is insufficient to support federal court jurisdiction.  *See* Hoffmann, 2010 WL 2216631 *2; Hill, 324 F. Supp. 2d at 1036; City of University City, 229 F. Supp. 2d at 931.

While Plaintiff is not not required to state an amount in controversy in a petition filed in Missouri, Plaintiff will be filing a Declaration and/or Stipulation with this Court regarding the amount in controversy and defining that the amount sought, inclusive of all damages, punitive damages, costs and attorney's fees will be less than $74,500.  *See* Ryan v. Cerullo, 343 F. Supp. 2d 157, 159 (D. Conn. 2004) (post-removal clarifications by way of stipulation are particularly useful when the plaintiff was not required state rules of civil procedure to allege the amount of damages in the petition with precision.)  Plaintiff's stipulation is sufficient to show that the jurisdictional amount is not met and remand is required.  *See* Hall v. CSX Transp., Inc., 2006 WL 3313682, *2 (M.D. Ala. Nov 14, 2006) ("Plaintiff's counsel's declaration makes such clarification establishing that the amount sought by Plaintiff in damages is less than the jurisdictional amount."); Brooks v. Pre-Paid Legal Servs., Inc., 153 F. Supp. 2d 1299, 1300 (M.D. Ala. 2001) (post-removal stipulation by plaintiff that they would not seek damages in excess of $74,500 was sufficient to demonstrate that jurisdictional amount was not met.); Halsne v. Liberty Mut. Group, 40 F.

Supp. 2d 1087, 1092 (N.D. Iowa 1999) (post-removal stipulation determinative on amount in controversy).

Remand would be required even if Plaintiff did not offer such a Declaration or Stipulation regarding the amount in controversy. *See* Logan v. Value City Dep't Stores, 2008 WL 1914168 *4 (E.D. Mo. 2008) (holding that "to require a stipulation limiting damages from a plaintiff who originally filed her action in state court would improperly shift the removing defendant's burden of proof to the plaintiff"); Gramc v. Millar Elevator Company/Schindler Enterprises, 3 F. Supp. 2d 1082 (E.D. Mo. 1998) ("This Court does not require a plaintiff to stipulate that the amount in controversy will not exceed $75,000 as a prerequisite to remand, although a plaintiff may choose to make such a stipulation. Plaintiff's refusal to so stipulate does not, of itself, establish the requisite amount in controversy."); Dobson v. United Airlines, Inc., 2002 WL 31689365 (N.D. Cal. 2002) ("Defendants have not satisfied their burden of demonstrating that the amount in controversy is satisfied. '[S]ince a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal.'")

Accordingly, Defendants have failed to satisfy their burden of demonstrating that the amount in controversy meets or exceeds the jurisdictional limit necessary to establish diversity jurisdiction. Plaintiff's Motion to Remand should be granted.

6

WHEREFORE, for the reasons set forth above, Plaintiff prays for an Order of this Court remanding this action to the Circuit Court of Clay County, Missouri, and for any other relief this Court deems appropriate.

*Respectfully submitted*,

WHITE, ALLINDER, GRAHAM, BUCKLEY & CARR, LLC


By:     /s/ Gene P. Graham, Jr.
       GENE P. GRAHAM, JR.     34950
       19049 East Valley View Parkway, Suite C
       Independence, Missouri 64055
       Telephone: (816) 373-9080    Fax: (816) 373-9319
       ggraham@wagblaw.com
       ATTORNEYS FOR PLAINTIFF

KLAMANN & HUBBARD, P.A.
JOHN M. KLAMANN, MO Bar #29335
929 Walnut, Suite 800
Kansas City, Missouri 64106
(816) 421-2626 Fax: (816) 421-8686
jklamann@kh-law.com

THE MEYERS LAW FIRM, P.C.
Martin M. Meyers, MO Bar #29524
Andrew McCue, MO Bar #36145
222 West Gregory, Suite 340
Kansas City, Missouri 64114
(816)-444-8500 Fax: (816)-444-8508
mmeyers@meyerslaw.com

FOLAND, WICKENS, EISFELDER, ROPER & HOFER, P.C.
Joe Roper, MO Bar #36995
Amy Coopman, MO Bar #47427
3000 Commerce Tower
911 Main Street
Kansas City, Missouri 64105-2009
(816) 472-7474 Fax: (816) 472-6262
jroper@fwpclaw.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I certify that on the 28th day of June, 2010, the foregoing Plaintiff's Motion to Remand and Suggestions in Support were filed with the clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Randal K. Mullendore
James F. Monafo
Harry B. Wilson
Dwayne Stanley
HUSCH BLACKWELL SANDERS LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105

Martin Loring
Stephen Torline
HUSCH BLACKWELL SANDERS LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112


ATTORNEYS FOR CAREER EDUCATION CORPORATION
AND SANFORD BROWN


 /s/ Gene P. Graham, Jr.
Counsel for Plaintiff